UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

CASE NO.: 6:22-cv-1478 -WWB-EJK

SOUTHERN OAK INSURANCE COMPANY as subrogee
of MELVIN CARTER AND ESTHER CARTER, a Florida
corporation

       Plaintiff

v.

FORD MOTOR COMPANY. a foreign corporation

       Defendants

## AMENDED COMPLAINT

Comes now the Plaintiff, Southern Oak Insurance Company and for its complaint, alleges and avers as follows:

### I. PARTIES

1. Southern Oak Insurance Company is a Florida corporation, with is principal place of business at 816 A1A North, Suite 302, Ponte Vedra Beach, FL 32082 and is duly licensed and authorized to conduct a property and casualty business within the state of Florida.

2. The Defendant, Ford Motor Company (hereinafter "Ford") is a foreign corporation organized under the laws of the state of Delaware with its principal place of business located at Tax Department, Ford WHQ, Room 614, 1 American Road Dearborn, MI 48126.

3. At all times relevant herein, Ford was a corporation authorized to do business in the state of Florida.

4. Ford is a manufacturer, distributor, and seller of vehicles and associated charging cords for consumer use, including the with 2013 Ford C-Max Energi at issue herein ("the subject vehicle").

## II. **JURISDICTION AND VENUE**

5.    The Court has subject matter jurisdiction pusuant to 28 U.S.C. sec. 1332 Florida in personam jurisdiction is properly exercised over Ford, notwithstanding it is a foreign corporation, because Ford has the necessary "minimum contacts" with Florida necessary to satisfy Due Process requirements as set forth by one or more of the following personal jurisdiction provisions codified in F.S.A. § 48.193, to wit:

>    (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state;
>
>    (b) Committing a tortious act within this state;
>
>    (c) Causing injury to property within Florida arising out of an act or omission by Ford outside this state, because at the time of the injury, either (1) Ford was engaged in solicitation or service activities within Florida, or (2) Products, materials, or things processed, serviced, or manufactured by Ford anywhere were used or consumed within Florida in the ordinary course of commerce, trade, or use;
>
>    (d) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state; and/or
>
>    (e) Ford is engaged in substantial and not isolated activity within this state.

6.    The amount at issue in this litigation exceeds $75,000.00 exclusive of fees and costs.

7.    Venue is proper in Orange County, FL, pursuant to F.S.A. § 47.051 because: (a) Ford a foreign corporation, has an agent or other representative or office in Lee County. Piper Aircraft Corp. v. Schwendemann, 564 So. 2d 546 (Fla. 3d DCA 1990) (holding venue was proper, pursuant to F.S.A. §47.051, in Florida county where foreign corporation had contracted with a parts distributor selling its products and a service center performing warranty, maintenance, and repair work on its products); Florida Jurisprudence § 40. Foreign Corporations — What Constitutes "agent or other representative." and (b) the cause of action accrued in Orange County, FL, to wit: 5436 Stirrup Way, Orlando, FL 32810

8. Venue lies in this district pursuant to 28 U.S.C, )(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated

9. All conditions precedent for the filing of this action have occurred, been excused or have been waived.

### III. FACTUAL BACKGROUND

10. At all times material herein, Plaintiff had in effect a policy of property and casualty insurance (see Exhibit A to original Complaint) with Melvin and Esther Carter ("the insureds") covering certain real and personal property located at 5436 Stirrup Way, Orlando, FL 32810. (hereinafter "the Home").

11. On December 5, 2021, this property and the personal property therein were damaged by a fire originating in the vicinity of the charging cord of the subject vehicle ("the subject fire").

12. As a result of the fire, Plaintiff initiated an investigation to determine the cause of loss.

13. At the time of the fire within the subject vehicle, said vehicle was insured Plaintiff's insured under a policy of insurance with GEICO.

14. As a result of the fire, GEICO opened a claim for the damage to the subject vehicle and initiated an investigation to determine the cause of loss.

15. As a result of its insurable interest in the subject vehicle, GEICO took the lead role in coordinating the care and storage of the subject vehicle throughout the investigation.

16. At the time of the subject fire, the subject vehicle and charging cord had not been subject to any alteration by way of repair or material maintenance between the time of its purchase and the date of the subject loss, and thus the subject vehicle was in the same condition as when it originally left Ford's possession.

17. In September 2018, Ford issued a product recall for certain 120V Convenience charge cords that were supplied with and sold for use with 2013-2015 Ford C-Max Energi and Fusion Energi vehicles and 2012-2015 Ford Focus Electric vehicles. These cords were manufactured without thermistors, and during vehicle charging, increased resistance in the house's outlet or wiring can cause the cord to overheat and melt, creating a risk of fire.

18. The described condition constitutes a product defect.

19. Inspection of the subject premises after the fire revealed that subject fire originated in the vicinity of the vehicle and charging cord, which is the identified defect that was prone to fire in similar vehicles.

20. The defect was original to the subject vehicle, which failure prevented the vehicle from performing its intended function safely.

21. The defect was the result of faulty materials which permitted corrosion in the affected area such that its condition would degrade and cause a fire.

22. The defect was caused by a design defect, such that through normal use, the vehicle would be unable to withstand expected conditions and exposure to elements and avoid conditions which could cause fire within the vehicle.

23. According to the terms of the policy of insurance issued to the insureds, Plaintiff will be forced to compensate its Insureds in an amount in excess of $75,000 for the damage to the Home and personal property therein, which is within this Court's jurisdictional limit., for which Plaintiff is entitled under subject policy and the law to pursue in subrogation.

## IV. CAUSES OF ACTION
### COUNT I: STRICT PRODUCT LIABILITY - FORD

24. The foregoing paragraphs are incorporated by reference as if fully restated herein.

25. Defendant Ford is a manufacturer of vehicles for consumer use, including the subject vehicle at issue in this action, and is subject to strict liability for damages resulting from defects in those consumer products.

26. The vehicle at issue was in a defective and unreasonably dangerous condition when manufactured, distributed, and sold by Defendant because of the following:

   a. Defects and/or faults in the composition of the component parts of the product at issue, in that they were prone to degradation, failure and fire;

   b. Defects and/or faults deriving from the design, manufacture, production, and assembly of the engine components, including the charging cord in the vehicle \at issue, which caused such vehicle to deviate from the specifications of Defendant, and as a result it overheated and caught fire;

   c. Defects and/or faults in the inspection and testing of the vehicle at issue, which allowed faults and/or flaws in the component parts of such vehicle to go undetected when the vehicle was distributed.

27. The unreasonably dangerous condition of the product at issue was the legal and proximate cause of the malfunction of the vehicle in the garage of the insured Home, and for the resulting fire and damage for which Plaintiff compensated its insureds pursuant to the terms of its policy of insurance.

### COUNT II: NEGLIGENCE - FORD

28. The foregoing paragraphs 1 – 23 are incorporated by reference as if fully restated herein.

29. Defendant Ford is a manufacturer of vehicles, including the vehicle at issue in this action, and owed a duty of care to the insureds, as consumers and foreseeable users of its vehicles to manufacture vehicles that are free from defects and fit for their intended purpose.

30. Defendant breached this duty by failing to exercise reasonable care in the design, manufacture, inspection, and testing of the vehicle at issue, including but not limited to:

   a. Failing to exercise reasonable care in the design of the vehicle at issue;

   b. Failing to exercise reasonable care in the selection of component parts for the vehicle at issue;

   c. Failing to exercise reasonable care in the testing and inspection of component parts for the vehicle at issue;

   d. Failing to exercise reasonable care in the assembly of the vehicle at issue;

   e. Failing to exercise reasonable care in the testing and inspection of the defective charging cord to ensure it would not overheat and/ or catch fire under foreseeable circumstances; and

   f. Failing to exercise reasonable care in the testing an inspection of the completed vehicle to ensure it would not catch fire under foreseeable circumstances

31. These breaches of duty were the legal and proximate cause of the malfunction of the vehicle which caused the subject fire and damage to the insured Home and for which Plaintiff compensated its insureds, pursuant to the terms of its policy of insurance.

## V. **RELIEF SOUGHT**

Wherefore, the Plaintiff demands a trial by jury and seeks judgment against Defendant, providing the following relief:

   (i)   Awarding Plaintiff all damages attributable to Defendants' actions.;

   (ii)  Awarding Plaintiff its costs and disbursements incurred herein; and

   (iii) For such other relief as the Court deems just and equitable.

## VI. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

> The Law Office of Stephen Barker
> 901-A Clint Moore Road
> Boca Raton, FL 33487
> 561-886-8352
> slb@stephenbarkerlaw.com
> BY: ___/s/ *Stephen Barker*_____
>     STEPHEN L. BARKER, ESQ.
>     Florida Bar No: 55357

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in the above-captioned case.

> The Law Office of Stephen Barker
> 901-A Clint Moore Road
> Boca Raton, FL 33487
> 561-886-8352
> slb@stephenbarkerlaw.com
> BY: ___/s/ *Stephen Barker*_____
>     STEPHEN L. BARKER, ESQ.
>     Florida Bar No: 55357